# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 21-30339
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

United States of America,

                *Plaintiff—Appellee*,

*versus*

Nolan Washington,

                *Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-394-9

———————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Nolan Washington pleaded guilty pursuant to a written plea agreement, without an appeal waiver, to conspiracy to distribute methamphetamine and to possess methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a), and 846. The

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court sentenced Washington to 120 months of imprisonment—the statutory mandatory minimum—and five years of supervised release.

In his sole issue on appeal, Washington argues that the district court reversibly erred by not departing below the statutory mandatory minimum based on the safety-valve provision of 18 U.S.C. § 3553(f). In the district court, Washington relied primarily on the reasoning in *United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021), but he did not discuss the reasoning in that case or explain why he was eligible for relief under § 3553(f). Now, he argues that the word "and" in § 3553(f)(1) should be interpreted to mean that a defendant is ineligible for safety-valve relief only if all three disqualifying conditions apply and that, based on that interpretation, he is eligible for relief because he does not have a two-point violent offense, under § 3553(f)(1)(C).

We do not resolve whether Washington properly preserved this issue because he cannot show that the district court erred, plainly or otherwise, by refusing to apply § 3553(f)'s safety-valve provision to depart below the statutory minimum in light of *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391), which was decided while this appeal was pending. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Using a "distributive approach" to interpret § 3553(f)(1), the majority panel concluded that criminal defendants are "ineligible for safety valve relief under § 3553(f)(1) if they run afoul of *any one* of its requirements." *Palomares*, 52 F.4th at 647 (emphasis added). Thus, because Washington ran afoul of § 3553(f)(1)(B)'s requirement that he not have a prior three-point offense under the guidelines—which he does not dispute—he was ineligible for relief under § 3553(f). *See id.*

Accordingly, the district court's judgment is AFFIRMED.